UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY A. MIZUTA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AROCK SERVICES, LLC <br><br> Defendant. | Civil Action No.: 1:16-cv-92 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Kimberly A. Mizuta ("Plaintiff") or ("Mizuta"), individually, and on behalf of all others similarly situated, files this Complaint against Arock Services, LLC ("Defendant") or ("Arock"), for all claims and damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and pursuant to the Wage and Hour laws of the State of North Dakota.

### PARTIES

1. Plaintiff, KIMBERLY A. MIZUTA, is a major individual, domiciled in the City of Williston, County of Williams, State of North Dakota. Plaintiff was employed by Defendant as a saltwater disposal operator from approximately October, 2014 through March 5, 2015 and was paid on a salary basis. Pursuant to 29 U.S.C. §216(b), Plaintiff has consented in writing to join this action. See attached Exhibit "A."

2. Defendant, Arock Services, LLC, is a foreign limited liability company, licensed to do and doing business within the State of North Dakota, with its principal place of business located at 2496 125th Avenue N.W., Watford City, ND. Defendant can be served through its registered agent, Angie Fladland, 2496 121st Street, P.O. Box 330, Watford City, ND 58854. Defendant owns and/or operates saltwater disposal wells in Wyoming and North Dakota, including locations within this District.

## JURISDICTION AND VENUE

3. This Court is vested with subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as those claims arise from a common nucleus of operative facts.

5. Venue in this court is proper pursuant to 28 U.S.C. §1391. Plaintiff is a resident of this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Further, Defendant does substantial business within this judicial district.

## COVERAGE UNDER THE FLSA

6. Defendant is in the business of owning, maintaining and operating saltwater disposal wells which are utilized in the disposal of saltwater and other fracking fluid byproducts.

7. Defendant has annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. §203(s)(1)(A)(ii).

8. Plaintiffs are "employees" of Defendant within the meaning of the FLSA and were engaged in interstate commerce as defined by 29 U.S.C. §206(a) and §207(a)(1).

9. Defendant is a covered employer as defined by 29 U.S.C. §203(d).

10. Defendant has employed two or more persons, including Plaintiff, and was "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that had been moved and/or produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A)(i).

11. Defendant's employees are subject to the provisions of the FLSA, 29 U.S.C. §206.

## FACTS

12. Defendant owns, maintains and operates saltwater disposal well facilities in North Dakota and Wyoming. These facilities employ operators and pumpers, who perform non-exempt duties and are entitled to overtime.

13. Plaintiff's job duties as an operator included monitoring gauges, data input into computers, monitoring tank volume levels, changing filters, and assisting with the offloading, storage and disposal of saltwater and other liquid waste materials.

14. The pumper job duties include pumping liquids from trucks into tanks and monitoring the flow of said liquids.

15. Defendant employed numerous other individuals as operators and pumpers at its saltwater disposal facilities, each of whom performed substantially similar job duties and functions.

16. Plaintiff and all similarly situated operators and pumpers were classified as exempt from the overtime requirements of the FLSA by Defendant.

17. Plaintiff and all similarly situated operators and pumpers were paid a salary and were not paid overtime.

18. The job duties performed by Plaintiff and all similarly situated operators and pumpers do not qualify for any exemption from the overtime requirements of the FLSA. Accordingly, Plaintiff and all similarly situated operators and pumpers were misclassified by Defendant.

19. Plaintiff and all similarly situated operators and pumpers each worked a schedule that was generally seven days a week, twelve hours per day, for three weeks on with one week off and thus worked at least 84 hours in a work week but were paid a straight salary and no overtime.

20. Defendant was aware, or should have known, that Plaintiff and all similarly situated employees performed non-exempt work that required payment of overtime.

21. Plaintiff and all similarly situated saltwater disposal workers performed manual labor and are entitled to overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. §216(b), Plaintiff brings a collective action on behalf of herself and all similarly situated employees, defined as follows:

> All salaried workers employed by Arock Services, LLC at its saltwater disposal facilities as operators or pumpers at any time within the three (3) years prior to the filing of this Complaint.

23. As set forth above, during the applicable statutory period, Plaintiff and similarly situated FLSA class members routinely worked in excess of 40 hours in a work week and did not receive overtime compensation.

24. Defendant willfully engaged in a pattern and practice of violating the FLSA by knowingly failing to pay its saltwater operators and pumpers overtime compensation and by classifying them as exempt from the FLSA overtime provisions of the FLSA. Defendant's conduct thus constitutes a willful violation of the FLSA in accordance with 29 U.S.C. §255.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA class members for overtime.

26. Plaintiff and the FLSA class members are "similarly situated" pursuant to 29 U.S.C. §216(b) because all such individuals work or have worked pursuant to Defendant's above-described payroll policy and practices, performing the same or nearly identical job duties, and all have been uniformly misclassified as exempt from the overtime requirements of the FLSA.

27. Defendant paid Plaintiff and the FLSA class members a fixed salary each week without regard to the hours worked. The FLSA class members are readily identifiable through Defendant's records and may therefore be easily notified of this action through direct U.S. mail and/or other means and should be allowed to opt in to this

proceeding for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, attorney fees and costs under the FLSA.

28. Further, as Plaintiff and the FLSA class members are all subject to a common payroll policy, plan and practice, resolution of this action can be accomplished through representative testimony utilizing common facts applicable to all.

## CLASS ACTION ALLEGATIONS

29. Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following two classes:

### *North Dakota Class*

All current or former salaried workers employed by Arock Services, LLC who worked in North Dakota at its saltwater disposal facilities as operators or pumpers at any time within the two (2) years prior to the filing of this Complaint.

30. The members of the North Dakota Class are so numerous that joinder of all members is impracticable. On information and belief, the number of North Dakota Class members exceeds twenty.

31. Plaintiff will fairly and adequately represent and protect the interests of the North Dakota Class because there is no conflict between the claims of Plaintiff and those of this class and Plaintiff's claims are typical of the claims of the North Dakota Class.

32. Further, Plaintiff's counsel is competent and experienced in litigating class actions in other complex matters, including wage and hour cases.

33. There are questions of law and fact common to the North Dakota Class which predominate over any questions affecting only individual class members including, without limitation, the following:

   i. Whether Defendant violated North Dakota wage and hour laws;

   ii. Whether Defendant's payroll practice of classifying its operators and pumpers as exempt violates North Dakota law;

   iii. Whether the job duties of the operators and pumpers mandate payment of overtime;

   iv. Whether Defendant's conduct was a willful and knowing violation of North Dakota law.

34. Plaintiff's claims are typical of the claims of the North Dakota Class as follows:

   i. Plaintiff's claims arise out of the same payroll policies and practices that are applicable to the claims of the North Dakota Class;

   ii. Defendant's practice of classifying Plaintiff and the North Dakota Class as exempt from overtime pay is applicable to all class members and Plaintiff;

   iii. Plaintiff's claims are based on the same facts, legal theories, and remedies as those of the North Dakota Class and arise out of identical facts;

   iv. There are no conflicts between the interests of Plaintiff and the members of the North Dakota Class;

  v.  The damages suffered by Plaintiff are similar to the damages suffered by the North Dakota Class, all of which arises out of the same payroll practices.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the North Dakota Class predominate over any questions affecting only individual class members.

36. Certification of this action as a class action is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Class treatment will permit adjudication of these claims for all class members in a single forum, simultaneously, efficiently, and without the duplication of effort and expenses that numerous individual actions would entail.

37. There are no issues that impede the effective management of this proceeding as a class action that would preclude certification. All class members are subject to the same uniform payroll practice and policy.

38. A class action is superior to other methods of adjudication of this controversy as joinder of all members is impractical. Further, the amount in controversy may not be sufficient to enable class members to maintain separate suits against Defendant.

39. Prosecution of separate actions by individual members of the North Dakota Class could create the risk of inconsistent or varying adjudications with regard to individual class members' claims that could establish incompatible standards of conduct for Defendant.

## VIOLATION OF NORTH DAKOTA WAGE LAWS

40. Title 34 of the North Dakota Century Code, and its implemented regulations, (North Dakota Wage Laws) require that non-exempt employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *N.D. Cent. Code §34-0602*; *N.D. Admin. Code §46-02-07-02(4)*.

41. Defendant's uniform compensation policy that fails to pay overtime to Plaintiff and the North Dakota Class failed to comply with either N.D. Cent. Code §34-0602; N.D. Admin. Code §46-02-07-02(4).

42. Defendant knowingly failed to compensate Plaintiff and the North Dakota Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of N.D. Cent. Code §34-0602; N.D. Admin. Code §46-02-07-02(4).

43. At all relevant times, Plaintiff and the North Dakota Class were covered employees entitled to the protection of the North Dakota wage laws.

44. Defendant knowingly violated the North Dakota wage laws, willfully and with reckless disregard, by classifying its operators and pumpers as exempt from overtime.

45. Defendant has received and benefited from the uncompensated labors of Plaintiff and the North Dakota Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

46. At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the North Dakota Class without paying overtime compensation for all hours worked.

47. Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the North Dakota Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

48. By reason of having secured the work and efforts of Plaintiff and the North Dakota Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the North Dakota Class.

49. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

50. Accordingly, Plaintiff and the North Dakota Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B. Authorizing prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to be sent to all potential Class Members;

  C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the North Dakota Class;

  D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

  E. Liquidated and statutory damages to the fullest extent permitted under the law;

  F. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under law; and

  G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury for all issues of fact.

Dated: April 25, 2016

Respectfully submitted:

_____
Philip Bohrer
Bar No.: LA 14089
Scott E. Brady
Bar No.: LA 24976
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

*Attorneys for Plaintiff*

11